MUTUAL AUTO ACCESSORIES CO. OF AMERICA v. BEARD.

(Supreme Court, Appellate Term. May 15, 1908.)

1. PRINCIPAL AND AGENT—ACTS OF AGENT—RATIFICATION—EFFECT.
     Where a principal ratifies the acts of one purporting to act as his agent in buying goods, no subsequent repudiation of such acts can affect his liability to the seller.

2. ELECTION OF REMEDIES—FRUITLESS ACTION—EFFECT.
     The bringing of a fruitless action, which plaintiff had no right to maintain, does not preclude him from asserting the right he really possesses.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Mutual Auto Accessories Company against Fred H. Beard. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Leo Bernard Levy, for appellant.
Hastings & Gleason (Charles M. MacLaren, of counsel), for respondent.

GILDERSLEEVE, P. J. The plaintiff brought this action to recover damages for false and fraudulent representations, alleged to have been made by the defendant, in asserting that he was authorized by one Stokes to purchase of the plaintiff a quantity of goods. Acting upon such alleged false statements, the plaintiff was induced to deliver the goods to the defendant upon the credit of Stokes. The complaint contained all the necessary allegations setting up fraud, deceit, etc. The action came on for trial, and upon motion of the defendant the trial justice directed a verdict in his favor.

It was conceded that prior to the commencement of this action the plaintiff had brought an action against Stokes for goods sold and delivered. The summons in that action is one of the exhibits in this

action, and the indorsement thereon shows that judgment was rendered for Stokes, the defendant therein. The evidence taken in that action is not before this court. It was also conceded in this action that in the action against Stokes the question of fraud and deceit was not involved, but that such action was tried upon the theory of agency on the part of this defendant to act for Stokes and of ratification of the sale by plaintiff to Stokes. No appeal was taken from the Stokes judgment, and the time to do so had expired when the present action was brought. The defendant also requested the plaintiff's attorney to admit:

"That before the time of the beginning of the other action Mr. Stokes had repudiated Beard's authority to bind him by the purchase, and that that fact was known to the plaintiff."

To this the plaintiff's attorney said:

"I desire to modify that by showing that Mr. Stokes took two positions. He took no final position one way or the other. He at first ratified it, and then repudiated it. I was a witness in that case myself, and it was all based upon my testimony.

"The Court: His final act was repudiation?

"Plaintiff's Counsel: Yes; he practically repudiated it finally.

"The Court: And then you commenced an action against him.

"Plaintiff's Counsel: Yes.

"The Court: That is all Mr. MacLaren is asking for; that prior to that action Mr. Stokes repudiated it. That action was for goods sold and delivered.

"Plaintiff's Counsel: Yes, sir."

After some further discussion the court, as before stated, directed a verdict for the defendant. The respondent claims that the judgment herein must be affirmed, upon the ground that the plaintiff, in bringing the action against Stokes, made an election of remedies, by which he was barred from bringing an action against Beard, this defendant. This position is based upon the theory that the plaintiff herein had full knowledge of all the facts relative to the repudiation of authority claimed by plaintiff to have been given Beard by Stokes. The appellant also concedes that the only question to be determined is whether or not the plaintiff had full knowledge of the material facts, so as to deprive it of its remedy against Beard.

The defendant relies upon the admission of the plaintiff's attorney, taken upon the record, as showing that Stokes repudiated the alleged agency of Beard prior to the bringing of the action against him (Stokes). The admission must be taken in its entirety. So regarded, it shows that Stokes at first ratified the acts of Beard, although it is said he subsequently repudiated them. It also shows that the action against Stokes was tried upon the theory of agency in Beard and ratification thereof by Stokes. If, as claimed by plaintiff, Stokes ratified the acts of Beard, no subsequent repudiation thereof would be of any avail to him. Presumably the question as to whether or not Stokes did ratify Beard's acts was the question litigated in the court below in the former action, and was a question of fact, as to which it could not be said that plaintiff had "full knowledge" prior to the legal determination of that question by the trial court. Stokes, according to the record, having first ratified Beard's acts and then having repudiated them,

110 N.Y.S.—27

the plaintiff had a right to Stokes' sworn testimony upon the subject before it could have legal knowledge of the truth of his position. It may be said that the plaintiff mistook its remedy. The institution by a plaintiff of a fruitless action, which he has not the right to maintain, will not preclude him from asserting the right he really possesses. McNutt v. Hilkins, 80 Hun, 235, 29 N. Y. Supp. 1047.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. .

GREENBAUM, J. (concurring). The case of Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803, has no application to this, for two reasons: First, it must appear that the party electing was aware of all the necessary facts which would enable him to elect; and, secondly, the remedies must be inconsistent. In this case there is no proof that the plaintiffs knew that Mr. Stokes had revoked or repudiated the defendant's agency at the time when the alleged fraud was perpetrated upon them. All that appears in the record is that Mr. Stokes, prior to the commencement of the action against him by plaintiffs for goods sold and delivered, claimed that he had repudiated defendant's agency—quite a different matter from knowledge on the part of plaintiffs that they knew that Mr. Stokes' claim was true. The very circumstance that they sued Mr. Stokes was evidence that they did not believe that defendant's agency had been repudiated. There could not possibly have been any recovery against Stokes, except upon the theory of defendant's agency.

There was no inconsistency between the bringing of the Stokes action and this. The former action, as already observed, rested upon the assumed agency of defendant. That not having been established, or it having been affirmatively shown that defendant was in fact not the agent of Stokes, it was peculiarly appropriate, and not inconsistent, to proceed against the defendant for fraud, upon the ground that he obtained the goods in question upon his representations that he was the agent of Stokes.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GIEGERICH, J., concurs in result.