(61 Misc. Rep. 286.)

### WILSON v. EWALD.

(Supreme Court, Appellate Term. December 24, 1908.)

ELECTION OF REMEDIES (§ 11*)—NECESSITY FOR ELECTION—WHAT CONSTITUTES.

    That plaintiff instituted an action against the owners of property for damages for their refusal to sell to a prospective buyer found by plaintiff under an agreement with another to find a buyer for the property, and discontinued the suit on payment to him of a certain sum by the owners, and gave them a general release, would not prevent him from bringing a subsequent action against such other for breach of warranty of authority, he having had no authority to authorize plaintiff to make the sale, since plaintiff merely sued the wrong parties in the first action, and their payment to him was voluntary to purchase their peace, and hence the doctrine of election of remedies would not apply.

    [Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 14; Dec. Dig. § 11.*]

Appeal from City Court of New York, Trial Term.

Action by Frank B. Wilson against Mary Ewald as executrix of Andrew Ewald, deceased. From a judgment for defendant and an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

order denying a new trial, plaintiff appealed. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Joline, Larkin & Rathbone (Lewis H. Freedman and Albert Stickney, Jr., of counsel), for appellant.

Edward P. Orrell (Edward W. S. Johnston, of counsel), for respondent.

FORD, J. Plaintiff appellant, who was a real estate broker, showed upon the trial that the testator of defendant respondent placed in plaintiff's hands for sale certain real estate for which he found a purchaser ready, able, and willing to purchase at the price named by said testator, but that the latter proved not to be the owner, and did not even possess authority as agent to sell the property. Suit based upon the testator's breach of warranty of authority to sell was commenced against him for damages incurred through loss of commission upon the proposed sale. Before the commencement of this suit, the plaintiff had commenced one for similar damages against the owners of the property based on their refusal to consummate the sale, during the course of which it appeared that defendant's testator did not have authority to sell the property. That suit was discontinued upon payment of $65 to the plaintiff and a release of the owners by the plaintiff. Then this action was commenced. At the close of plaintiff's case, the complaint was dismissed upon the following ground, as stated by the learned trial judge:

"I hold that plaintiff is precluded from prosecuting this action by reason of the settlement made by him in his Supreme Court action against Andrew Ewald and Katherine Ewald. Assuming the legality of that litigation, nevertheless it stands uncontradicted therein that that suit was instituted after plaintiff had had full knowledge that defendant's testator had never been authorized to make sale of the property in question. Having elected, therefore, to hold the alleged principals, and having effected settlement of suit instituted against them on that theory, plaintiff is not estopped from charging the alleged agent. He had his right of election as to which he would hold responsible, and, having made an election, is bound thereby. The complaint is dismissed."

In the former suit plaintiff had merely sued the wrong parties and the payment by them of $65 and the taking of a general release amounted to no more than a purchase of their peace. It is not a case in which the doctrine of election applies so as to bar the present suit. See Kinney v. Kierman et al., 49 N. Y. 164; Henry v. Herrington, 86 N. E. 29. While the complaint contains allegations of misrepresentations which were not proved on the trial, yet enough was shown to make a prima facie case of breach of the implied warranties as to the authority of defendant's testator. White v. Madison, 26 N. Y. 117.

Judgment and order appealed from reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.