(April 14, 1913.)

## MARY ELIZABETH WHITLEY, Respondent, v. SPOKANE & INLAND RAILWAY CO., Appellant.

[132 Pac. 121.]

DEATH BY WRONGFUL ACT—ACTION BY PERSONAL REPRESENTATIVE—PARTIES BENÉFICIARIES UNDER JUDGMENT—ACTION IN FOREIGN JURISDICTION—EXCLUSION OF HEIR IN FOREIGN JURISDICTION—FOREIGN JUDGMENT—AUTHORITY OF FOREIGN ADMINISTRATRIX—FULL FAITH AND CREDIT DUE FOREIGN JUDGMENTS—RATIFICATION—ELECTION OF REMEDIES.

1. Where an administratrix, appointed under the laws of one foreign jurisdiction, sued in another foreign jurisdiction for recovery on a death claim arising under the death statute of Idaho (sec. 4100, Rev. Codes), and the courts of the state of her appointment hold that she was not a representative of and had no authority to represent the mother of the deceased, who was not an heir of the deceased under the laws of the state where the administratrix was appointed, *held,* that in an action by the mother in the courts of Idaho, where the mother is one of the heirs of the decedent, failure to make the administratrix, either officially or personally, a party plaintiff or defendant is not prejudicial error, and is not fatal to the jurisdiction or to a judgment recovered in such action.

2. In order to bind or estop a party under the doctrine of ratification, he must have accepted some benefit under or shared in the fruits of a judgment or other action or proceeding which he is supposed to have ratified, and in some way have by his action placed the party urging and pleading the ratification in a worse or more unfavorable position than he was or would have been in had no such action been taken by the party against whom estoppel by ratification is charged.

3. In order to apply the doctrine of election of remedies to a party, he must actually have had at command two inconsistent remedies. He must not only have thought he had such remedies, but must have in fact had them available. To pursue a supposed remedy which the court holds to be no remedy at all and not to be available to the party is no bar to subsequently pursuing an available remedy.

4. The constitution of the United States, sec. 1, art. 4, and sec. 905 of the Revised Statutes of the United States, command the courts of every state of the Union to give to the judgments and judicial proceedings of the courts of every other state the same faith and credit which such judgments and proceedings are accorded by the courts of the states respectively in which such judgments were entered and such proceedings were had.

5. Sec. 4100 of the Rev. Codes of this state authorizes the prosecution of an action by "the heirs or personal representatives" of a deceased person against a person wrongfully causing the death of such person, and any judgment obtained in such an action inures to the benefit of the "heirs" of the decedent, and in no case becomes a part of the assets of the estate of the deceased. Where there are no heirs, the action cannot be maintained.

6. Where a death has been wrongfully caused in this state, the prosecution of an action in a foreign state under the authority of sec. 4100, Rev. Codes, of this state, and alleging the accrual of the cause of action in the state of Idaho under this statute and the prosecution of such action for the benefit and in behalf of a part only of those who are "heirs" under the laws of the state of Idaho, is not a bar to the subsequent prosecution of an action in this state by such heir as was not represented in the action in the foreign jurisdiction, and to deny the right of such a judgment entered in a foreign jurisdiction to bar and preclude an omitted and nonrepresented heir to thereafter prosecute an action in this state does not deny such full faith and credit to such foreign judgment as is commanded by the federal constitution and the act of Congress thereunder.

7. A recovery in a foreign state under the death statute of Idaho, authorizing such an action for a wrongful death in this state, does not bar a recovery in this state by anyone who is an heir under the laws of Idaho, and who was barred from participating as an heir under the laws of the foreign state and who was not represented in the action wherein the recovery was had.

8. Neither of the judgments pleaded in this case constitutes a bar to the right of recovery in this action. The Tennessee judgment would not be a bar to a right of recovery in that state, on the ground a recovery had once been had, but simply for the reason

that the court there holds that no recovery at all could be had in that state by the respondent herein, Mary Elizabeth Whitley, or for her use or benefit. This is because she was not, under the laws of Tennessee, an heir of the decedent. The Washington judgment would be no bar in that state to a further prosecution by Mary Elizabeth Whitley, for the reason that the court of Tennessee, wherein the administratrix obtained her appointment and official existence, holds that the administratrix alone was the sole heir of the decedent, and that she had no authority to and did not represent Mary Elizabeth Whitley in the prosecution of the death claim in the Washington court.

9. The word "heirs," as used in sec. 4100 of the Rev. Codes of this state, means such heirs as are entitled to inherit from a deceased person under the statute of this state.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. R. N. Dunn, Judge.

Action for damages for wrongful death.   Judgment for plaintiff.   Defendant appealed.   *Affirmed.*

W. G. Graves and Whitla & Nelson, for Appellant.

A death claim statute such as that of Idaho gives but one cause of action and authorizes but one recovery. (*Hartigan v. So. Pac. Co.*, 86 Cal. 142, 42 Pac. 851; *Riggs v. N. P. N. Co.*, 60 Wash. 292, 111 Pac. 162; *Fritz v. Western Union Tel. Co.*, 25 Utah, 263, 71 Pac. 209; *Louisville etc. Co. v. Sanders,* 86 Ky. 259, 5 S. W. 563; *Peers v. Nevada Power etc. Water Co.*, 119 Fed. 400; *Beard v. Skeldon,* 113 Ill. 584; *Consolidated Coal Co. v. Dombrowski,* 106 Ill. App. 641; *Almquist v. Wilcox,* 115 Minn. 37, 131 N. W. 796; *St. Louis etc. Co. v. Needham,* 52 Fed. 371, 3 C. C. A. 129; *McBride v. Berman,* 79 Ark. 62, 94 S. W. 913; *Whelan v. Rio Grande etc. Ry. Co.*, 111 Fed. 326; *Roberts v. Central of Georgia Ry. Co.*, 124 Fed. 471; *Willis etc. Co. v. Grizzell,* 198 Ill. 313, 65 N. E. 74; *Munro v. Pacific etc. Co.*, 84 Cal. 515, 18 Am. St. 248, 24 Pac. 303; *Putman v. So. Pac. Co.*, 21 Or. 230, 27 Pac. 1033; *Daubert v. Western Meat Co.*, 139 Cal. 480, 96 Am. St. 154, 69 Pac. 297, 73 Pac. 244.)

Under the law as established in *Pennoyer v. Neff,* 95 U. S.
714, 24 L. ed. 565, Josephine Whitley was not made a party
to this action.   She did not appear voluntarily, and service
of process upon her in Washington could give no jurisdiction
to the Idaho courts to adjudge anything with respect to her
rights or bind her in any fashion by any judgment they might
render.

Plaintiff went into the courts of Tennessee, setting up and
relying upon the Washington judgment, declaring the re-
covery by the administratrix to have been in part for her
benefit, and praying that the portion to which she was en-
titled be set over to her.   By such acts she ratified and af-
firmed that judgment, and will not now be heard to deny its
validity.   (23 Cyc. 698; *Davis v. Cornwall,* 68 Fed. 522, 15
C. C. A. 559; *Town of Weston v. Ralston,* 48 W. Va. 170, 36
S. E. 453; *Ryan v. Doyle,* 31 Iowa, 53; *Haynes v. Powell,*
1 Lea (69 Tenn.), 347; *Arthur v. Israel,* 15 Colo. 147, 22 Am.
St. 381, 25 Pac. 81, 10 L. R. A. 693.)

A person who, with full knowledge of the facts, decides to
seek one remedy, cannot, merely because through misadven-
ture he fails to be made whole through the remedy he seeks,
thereafter pursue an inconsistent remedy.   (*Gaffney v. Me-
grath,* 23 Wash. 476, 63 Pac. 520; *Jones v. First Nat. Bank,*
3 Neb. Unof. 73, 90 N. W. 912; *Jones v. Stewart,* 62 Neb. 207,
87 N. W. 12; *Fowler v. Bowery Sav. Bank,* 113 N. Y. 450,
10 Am. St. 479, 21 N. E. 172, 4 L. R. A. 145; *Gentry v. Bearss,*
88 Neb. 742, 130 N. W. 428; *E. J. Codd Co. v. Parker,* 97 Md.
319, 55 Atl. 623; *White v. White,* 68 Vt. 161, 34 Atl. 425;
*Farwell v. Myers,* 59 Mich. 179, 26 N. W. 328; *Dickson v.
New York Biscuit Co.,* 211 Ill. 468, 71 N. E. 1059; *In re
Hildebrant,* 120 Fed. 992; *Barrell v. Newby,* 127 Fed. 656,
62 C. C. A. 382; *Crook v. First Nat. Bank,* 83 Wis. 31, 35 Am.
St. 17, 52 N. W. 1131; *Paris v. Sheppard,* 125 Iowa, 255, 101
N. W. 114; *Welsh v. Carder,* 95 Mo. App. 41, 68 S. W. 580.)

There was a denial of full faith and credit to the Wash-
ington and Tennessee judgments.   (*Mills v. Duryee,* 7 Cranch
(U. S.), 481, 3 L. ed. 412; *Hampton v. McConnel,* 3 Wheat.
(U. S.) 234, 4 L. ed. 378; *Cheever v. Wilson,* 9 Wall. (U. S.)

123, 19 L. ed. 604; *Christmas v. Russell,* 5 Wall. (U. S.) 302, 18 L. ed. 475.)

Defendant has discharged his full obligation when he has paid the judgment rendered against him. It is for the parties entitled to participate in the proceeds of the judgment to see that a proper distribution is made. (13 Cyc. 380–382; 8 Am. & Eng. Ency. of Law, 2d ed., 955; *Weidner v. Rankin,* 26 Ohio St. 522; *Baltimore etc. R. Co. v. Wightman,* 29 Gratt. (Va.) 431, 26 Am. Rep. 384; *Conant v. Griffin,* 48 Ill. 410.)

No statute of Washington forbids a foreign administrator to sue in its courts. A foreign representative may sue to collect a claim where the claim sued upon could not be made the subject of local administration, since in such cases the reasons for the rule prescribing suits by foreign representatives do not apply. (18 Cyc. 1239; *Purple v. Whithed,* 49 Vt. 187.)

A foreign administrator may sue to recover damages for causing the death of his intestate. (*Wabash etc. Co. v. Shacklet,* 105 Ill. 364, 44 Am. Rep. 791; *Jeffersonville etc. R. Co. v. Hendricks,* 41 Ind. 48; *Memphis etc. Co. v. Pikey,* 142 Ind. 304, 40 N. E. 527; *Kansas etc. Co. v. Cutter,* 16 Kan. 568; *Hodges v. Kimball,* 91 Fed. 845, 34 C. C. A. 103; *Chicago Transit Co. v. Campbell,* 110 Ill. App. 366; *Boulden v. Pennsylvania Ry. Co.,* 205 Pa. 264, 54 Atl. 906; *Robertson v. Chicago etc. Ry. Co.,* 122 Wis. 66, 106 Am. St. 925, 99 N. W. 433, 66 L. R. A. 919; *Utah Savings etc. Co. v. Diamond Coal etc. Co.,* 26 Utah, 299, 73 Pac. 524; *Florida etc. R. Co. v. Sullivan,* 120 Fed. 799; *Boston etc. Co. v. Hurd,* 108 Fed. 116, 47 C. C. A. 615, 56 L. R. A. 193; *St. Louis Ry. Co. v. Graham,* 83 Ark. 61, 119 Am. St. 112, 102 S. W. 700; *McCarty v. New York etc. Ry. Co.,* 62 Fed. 437; *Illinois Cent. R. Co. v. Crudup,* 63 Miss. 291; *Hodges v. Kimball,* 91 Fed. 845, 34 C. C. A. 103.)

In the absence of statutory authority or direct decision by the supreme court of Washington, this court must accept as controlling, and as settling the law of the state in that behalf, the decision of the superior court of Spokane county that the

foreign administratrix of the estate of A. P. Whitley was entitled to sue in its courts for damages for causing his death. (*Laing v. Rigney,* 160 U. S. 531, 16 Sup. Ct. 366, 40 L. ed. 525; *Fish v. Smith,* 73 Conn. 377, 47 Atl. 711, 84 Am. St. 161.)

"The objection that a foreign representative cannot sue is waived by failure to take it at the proper time and in the proper manner." (18 Cyc. 1243; 8 Ency. Pl. & Pr. 713, 714; *Anthes v. Anthes,* 21 Ida. 305, 121 Pac. 553.)

The incapacity of a party to sue or defend is a matter which does not affect the jurisdiction, but must be timely raised and in a proper manner, and if not so raised is waived and the judgment entered in the action is valid. (17 Am. & Eng. Ency. of Law, 1070, 1071; 1 Black, Judgments, 2d ed., secs. 190, 193, 196, 200, 205; *Blumauer v. Clock,* 24 Wash. 596, 85 Am. St. 966, 64 Pac. 844; *Hale v. Paper Co.,* 56 Wash. 236, 104 Pac. 480; *State v. Superior Court,* 21 Wash. 33, 56 Pac. 932; *Rothchild Bros. v. Mahoney,* 51 Wash. 633, 99 Pac. 1031; *Bowman v. Harrison,* 59 Wash. 56, 109 Pac. 192; *Pierson v. N. P. R. Co.,* 61 Wash. 450, 112 Pac. 509; *Buckles v. Reynolds,* 58 Wash. 485, 108 Pac. 1072.)

Elder & Elder and John P. Gray, for Respondent.

In an action by heirs for the negligent death of their ancestors, all the heirs should join as plaintiffs, and where the consent of one heir cannot be obtained, he may be made a defendant as expressly authorized by sec. 4105, Rev. Codes. (*Salmon v. Rathjens,* 152 Cal. 290, 92 Pac. 733; *Copeland v. City of Seattle,* 33 Wash. 415, 74 Pac. 582, 65 L. R. A. 333.)

Where an action is brought by one heir and defendant knew of other heirs, it was its duty to have them join or be subject to suit by the courts. (*Galveston, H. & S. A. R. Co. v. Kutac,* 72 Tex. 643, 11 S. W. 127.)

A foreign administrator has no right to maintain an action under the laws of the state of Washington. (*Barlow & Shepherd v. Coggan,* 1 Wash. Ter. 257.)

He has no extraterritorial power, and cannot sue in that character in the courts of a state other than the one of his

appointment without authority from the latter, in the absence of the statutes directly permitting suits by foreign administrators. (*Dennick v. Central R. Co.*, 103 U. S. 11, 26 L. ed. 439; *Hall v. Southern Ry. Co.*, 146 N. C. 345, 59 S. E. 879; *J. B. & J. M. Cornell Co. v. Ward*, 168 Fed. 51, 93 C. C. A. 473; *Dodge v. Town of North Hudson*, 177 Fed. 986, 188 Fed. 489; *Watkins v. Eaton*, 183 Fed. 384.)

There is no such statute either in Idaho or Washington. (*McClellan's Admr. v. Troendle* (Ky.), 99 S. W. 329; *Brooks v. Southern Pac. Co.*, 148 Fed. 986; *Beaumont v. Beaumont*, 144 Fed. 288; *Moore v. Petty*, 135 Fed. 668, 68 C. C. A. 306; *Lusk's Admrs. v. Kimball*, 87 Fed. 545; *Noonan v. Bradley*, 9 Wall. (U. S.) 394, 19 L. ed. 757; Wharton, Conflict of Laws, sec. 626.)

The provisions of the statute relative to the distribution of the judgment cannot be separated from the provisions of our statutes conferring the right of action, and the right to recover and the distribution of the sum recovered must be according to the law of the place where the death occurred. (*Dennick v. Central Ry. Co.*, 103 U. S. 11, 26 L. ed. 439; *McDonald v. McDonald's Admr.*, 96 Ky. 209, 49 Am. St. 289, 28 S. W. 482; *McGinnis v. Missouri etc. Co.*, 174 Mo. 225, 97 Am. St. 553, 73 S. W. 586.)

The appellant company has consented to a judgment being entered in behalf of a foreign administrator for the benefit of only one of the heirs of the deceased. It is in no better position to set up that judgment or the judgment in Tennessee as a bar than if the action had been maintained by Josephine Whitley on her own account, and a consent judgment had been rendered. The action can only be brought to recover damages suffered by the heirs and not for the benefit of the estate, or for the benefit of only one heir. (*Webster v. Norwegian Min. Co.*, 137 Cal. 399, 92 Am. St. 181, 70 Pac. 276; *Salmon v. Rathjens, supra; Dennick v. Railroad Co., supra.*)

The provisions of the federal constitution with reference to the full faith and credit to be given to the judgments of courts of sister states do not preclude the court from ascer-

taining whether the claim was really one of such a nature
that the court which entered the judgment was authorized to
enforce it.   (*St. Louis etc. Co. v. Beilharz* (Tex. Civ. App.),
88 S. W. 512.)

A foreign administrator could not settle the case or so dis-
pose of it as to be a bar to an action on behalf of the re-
spondent.   (*Maysville Street R. R. etc. Co. v. Marvin,* 59
Fed. 91, 8 C. C. A. 21.)

In order to sustain a defense founded upon the doctrine
of estoppel by election, it must appear that the plaintiff ac-
tually had two valid available and inconsistent remedies and
that he undertook to pursue one.   A party's supposition that
he had a particular remedy and his effort to enforce it is
immaterial, and does not constitute an election unless the
remedy in fact existed.   (*Bandy v. Cates,* 44 Tex. Civ. 38,
97 S. W. 710; *Morris v. Rexford,* 18 N. Y. 552; *Kinney v.
Kiernan,* 49 N. Y. 164; *McNutt v. Hilkins,* 80 Hun, 235, 29
N. Y. Supp. 1047; *Elliott v. Collins,* 6 Ida. 266–268, 55 Pac.
301; *In re Van Norman,* 41 Minn. 494, 43 N. W. 334; *Butler
v. Hildreth,* 5 Met. (Mass.) 49; *Brackett v. Hoitt,* 20 N. H.
257; *Kelsey v. Murphy,* 26 Pa. 78; *Brooks v. Romano,* 149
Ala. 301, 42 So. 819; *Glover v. Radford,* 120 Mich. 542, 79
N. W. 803; *Smith v. Bricker,* 86 Iowa, 285, 53 N. W. 250.)

The doctrine of the election of remedies does not apply in
cases where the suitor has in the first action mistaken his
remedy and adopted a mode of redress incompatible with the
facts of his case, and notwithstanding the bringing of such
action he is still free to elect and proceed anew.   (7 Ency.
Pl. & Pr. 366; *Craig v. Meriwether,* 84 Ark. 298, 105 S. W.
585; *Kaufman v. Cooper,* 39 Mont. 146, 101 Pac. 969; *Wilson
v. Ewald,* 61 Misc. 286, 113 N. Y. Supp. 687; *Mutual Auto
Accessories Co. v. Beard,* 59 Misc. 174, 110 N. Y. Supp. 416.)

In the case at bar, the question of estoppel by election of
remedies cannot be maintained.   First, there was never a
remedy available to the respondent in the proceedings brought
in Tennessee; second, it is shown by the issues as made up here
that the only remedy ever available to her is the relief which
this action can give her, and third, the appellant railroad

company here was not a party to the proceedings in Tennessee, and the only time the respondent has sought to enforce her rights against the railroad company is in the case in this court. (*Henry v. Herrington,* 193 N. Y. 218, 86 N. E. 29, 20 L. R. A., N. S., 249.)

AILSHIE, C. J.—This is an appeal from a verdict and judgment awarding the respondent, Elizabeth Whitley, the sum of $5,500 damages on account of the death of her son, A. P. Whitley.

The facts which it is necessary for the court to consider in determining the validity of this judgment are novel and unusual. The respondent is a citizen and resident of the state of Texas. The appellant is a Washington corporation, with its principal place of business at Spokane, and owns an electric railway which it operates between Spokane and Coeur d'Alene, Idaho.

On July 31, 1909, A. P. Whitley, a son of respondent and a resident and citizen of the state of Tennessee, was a passenger on appellant's train, and through the negligence of appellant's employees Whitley was killed. The accident and consequent death of A. P. Whitley occurred in Idaho near Coeur d'Alene. At the time of his death A. P. Whitley left a surviving wife, Josephine Whitley, who was at the time a resident and citizen of the state of Tennessee. In September, 1909, the appellant, whom we shall hereafter designate as the "railroad company," entered into an agreement with Josephine Whitley to pay the sum of $11,000 for and on account of the death of her husband, and thereupon paid her the sum of $1,500, with the understanding that she should apply for and receive letters of administration of the estate of A. P. Whitley from the proper court in the state of Tennessee, and that upon presenting proof of her appointment she would be paid the balance of $9,500. Thereafter, and on October 2, 1909, Josephine Whitley was duly and regularly appointed by the probate court of Shelby county, Tennessee, administratrix of the estate of A. P. Whitley, deceased, and she thereupon applied to the court for permission, as administratrix,

to make settlement with the railroad company for wrongfully causing the death of her husband, A. P. Whitley, and was accordingly authorized and directed to make settlement for the sum of $11,000, in accordance with the previous agreement entered into between her and the railroad company. On October 25, 1909, the respondent herein, Mary Elizabeth Whitley, commenced this action in the district court in and for Kootenai county, Idaho, alleging that she was the mother and heir-at-law of A. P. Whitley and his only surviving parent. She then pleaded the other essential facts to show a good cause of action, and prayed for judgment in the sum of $25,000. Josephine Whitley was made a defendant in this cause of action, for the reason that she refused to join as a plaintiff. Personal service could not be had on Josephine Whitley, and accordingly application was made to procure service by publication on the ground of the absence of Josephine Whitley from the state of Idaho, and thereafter a copy of the complaint and summons were served upon Josephine Whitley in Spokane in the state of Washington in accordance with the provisions of our statute for constructive service. (Secs. 4145 and 4146, Rev. Codes.) While this action was pending, Josephine Whitley was negotiating with the railroad company with a view to completing the settlement and securing final payment of the balance due under the agreement. The railroad company, however, refused to settle without an action, and accordingly on November 18, 1909, a complaint was filed in the superior court of Spokane county, Washington, by Josephine Whitley, as administratrix of the estate of A. P. Whitley, deceased, against the railroad company ("Spokane and Inland Empire Railroad Co."), setting forth the cause of action and the agreement of September 14, 1909, entered into between the railroad company and Josephine Whitley whereby the company agreed to pay her the sum of $11,000 in satisfaction of the claim. She also alleged her residence in the state of Tennessee and her appointment by the probate court of Shelby county as administratrix of the estate of her deceased husband, and pleaded the death statute of Idaho, sec. 4100 of the Rev. Codes, which authorizes "the

heirs or personal representatives'' to maintain such an action. On the same date, November 18th, an answer and reply were filed and the case was tried without a jury, and the court found that the cause was not contested, made findings of fact and conclusions of law and entered a judgment in favor of Josephine Whitley as administratrix of the estate of A. P. Whitley, deceased, under her appointment from the court of Tennessee for the sum of $9,500, balance due under the agreement of settlement and compromise. To that action Mary Elizabeth Whitley, the respondent herein, was not a party, and no attempt was made to bring her in or make her a party to such action. The railroad company, however, pleaded in its answer the pendency of the present action in the district court of Kootenai county. The Washington court held that this plea was not good and that the pendency of the action of Mary Elizabeth Whitley against the railroad company in the Idaho court was no cause for abatement of the action of Josephine Whitley as administratrix against the railroad company in the Washington court. Josephine Whitley immediately collected her judgment and took the money to the state of Tennessee. Thereupon Mary Elizabeth Whitley made application to the probate court of Shelby county, Tennessee, to have the administratrix pay over to her one-half of the sum received from the railroad company as damages for causing the death of her son A. P. Whitley, on the ground that A. P. Whitley died without issue and that under the statutes of Idaho where a husband dies without issue the wife becomes the heir of one-half his estate and a sole surviving parent inherits the other half of such estate. The probate court held against Mary Elizabeth Whitley, and the case was appealed to the supreme court of Tennessee, and that court by an opinion filed July 14, 1912, affirmed the judgment of the probate court of Shelby county, and held that the fund should be distributed according to the laws of Tennessee, and that there ''the surviving wife was the sole heir of A. P. Whitley, deceased,'' and that Mrs. Elizabeth Whitley, the mother of A. P. Whitley, deceased, had ''absolutely no interest of any

kind or character in said fund and no right to any part of
the proceeds of recovery for the death of said A. P. Whitley.''

Thereafter the case at bar was brought to issue in the dis-
trict court of Kootenai county, Idaho, and the trial of the
cause was commenced on September 9, 1912, subsequently
resulting in a judgment in favor of the respondent herein.

The railroad company has at all times admitted its negli-
gence in causing the death of A. P. Whitley and its liability
to respondent in damages for his death.   In the present case,
however, it pleaded the judgment of the superior court of
Spokane county, Washington, as a bar and defense to the
right of Mary Elizabeth Whitley to recover in this case, and
it also pleaded the judgment of the Tennessee court as a bar
to the respondent's right of recovery in this case.

The various contentions made by the railroad company
when reduced to their last analysis are to the effect that a
recovery having been made by Josephine Whitley as adminis-
tratrix of the estate of A. P. Whitley, deceased, is a bar to any
subsequent recovery by an heir of A. P. Whitley under the
death statute of Idaho, and that under the constitution of the
United States, sec. 1, art. 4, and sec. 905 of the Revised Stat-
utes, the judgment entered in the superior court of Spokane
county, Washington, and the judgment of the supreme court
of Tennessee must ''have such faith and credit given to them
in every court within the United States as they have by law
or usage in the courts of the state from which they are taken,''
and that accordingly the Idaho courts must hold that this
matter has been adjudicated and that no further action can be
maintained thereon.

We will consider the more important subdivisions of ap-
pellant's contention separately as they are treated in the
briefs.

(1) It is contended that Josephine Whitley, being an
heir of A. P. Whitley, deceased, was a necessary party to this
action, and that while she was made a party defendant she was
not served personally and that service outside the state
did not give the court jurisdiction as to her.   Under sec. 4105,
Rev. Codes, of this state, where the consent of a necessary

party plaintiff cannot be had, such party may be joined as a party defendant. This statute was complied with in the present case. It is unnecessary for us to determine in this case whether the service of process had on Josephine Whitley was sufficient or not. She was made a party defendant in compliance with the statute, and it is clearly shown that it was impossible to secure personal service and that constructive service was made. It is also clear that the duty to bring her in was equally as exacting on the part of the railroad company as on the part of the plaintiff in the action, Mary Elizabeth Whitley. (*Salmon v. Rathjens,* 152 Cal. 290, 92 Pac. 733; *Copeland v. City of Seattle,* 33 Wash. 415, 74 Pac. 582, 65 L. R. A. 333; *Galveston H. & S. A. R. Co. v. Kutac,* 72 Tex. 643, 11 S. W. 127.)

Another reason exists and is decisive in this particular case. It clearly appears that under the laws of Idaho, the respondent herein, Mary Elizabeth Whitley, and Josephine Whitley are the only heirs of A. P. Whitley, deceased. Josephine Whitley has prosecuted an action in the courts of Washington on this same cause of action and has recovered, and under the decision of the supreme court of Tennessee the entire recovery there had inured to her individual benefit as the sole heir under the laws of Tennessee of A. P. Whitley, deceased. She can have no further recovery. It was therefore unnecessary to make her a party, either plaintiff or defendant, in this particular action in order to bind her by the judgment and preclude her further recovery. We agree with the railroad company that, as a general rule, these actions cannot be split up and one action be prosecuted by one heir and another action by another heir, or one action by the personal representative of the deceased and another action prosecuted by the heirs, provided the question or objection is timely raised in a proper manner. (*St. Louis etc. Ry. Co. v. Needham,* 52 Fed. 371; 3 C. C. A. 129; *McBride v. Berman,* 79 Ark. 62, 94 S. W. 913; *Whelan v. Rio Grande R. R. Co.,* 111 Fed. 326; *Salmon v. Rathjens, supra; Copeland v. City of Seattle, supra; Galveston H. & S. A. R. Co. v. Kutac, supra.*)

(2) It is urged by appellant that under the doctrine of ratification and election Mary Elizabeth Whitley is barred from recovery in this action; that, having elected to go into the courts of Tennessee and there insist and contend that by the laws of Idaho she was an heir of A. P. Whitley, deceased, and entitled to one-half of the damages recovered from the railroad company for causing his death, and that having been defeated in that action she is now precluded from prosecuting her action in the courts of Idaho against the railroad company to recover as an heir at law of A. P. Whitley. In our opinion, neither the doctrine as to ratification nor election of remedies applies in this case. Her attempted ratification was rejected and repudiated, and for that reason she cannot be bound under that doctrine. She offered to accept one-half of the Washington judgment as her share of that recovery and of her claim against the railroad company. That offer, however, was not made to the railroad company, but to Josephine Whitley individually and as administratrix of the estate of A. P. Whitley, deceased, and the same offer was also tendered to the courts of Tennessee under the laws of which state Josephine Whitley was administering the estate of A. P. Whitley, deceased. Her offer of ratification was rejected and repudiated, and she never at any time received any benefits under that judgment. She is therefore clearly not bound under the doctrine of ratification. The rule seems to be well settled that in order to bind or estop one under the doctrine of ratification, he *must have accepted some benefit under or shared in the fruits of the judgment or other action or proceeding* which he is supposed to have ratified. (23 Cyc. 698.) On the other hand, with reference to the doctrine of estoppel on the ground of election of remedies, the rule is well settled that "in order to apply the doctrine of election of remedies the party must actually have at command two inconsistent remedies. He must not only think he has them, but must in fact have them." (*Elliott v. Collins,* 6 Ida. 266, 55 Pac. 301; *In re Van Norman,* 41 Minn. 494, 43 N. W. 334; *Butler v. Hildreth,* 5 Met. (Mass.) 49; *Kaufman v. Cooper,* 39 Mont. 146, 101 Pac. 969; *Wilson v. Ewald,* 61 Misc. 286, 113 N. Y.

Supp. 687; *Mutual Auto 'Accessories Co. v. Beard,* 59 Misc. 174, 110 N. Y. Supp. 416; 7 Am. & Eng. Ency. of Law, 364.)

In this case it appears that there was in fact no election of remedies. Mary Elizabeth Whitley evidently thought she was pursuing a lawful remedy when she made application to the probate court of Shelby county for a share in the receipts from the Washington judgment, but the supreme court of that state held that she had no remedy, that she was not an heir and that no recovery had ever been had on her behalf or for her benefit. In fact, the court held that the action which Josephine Whitley as administratrix had prosecuted in the Washington court had not been prosecuted for or on behalf of Mary Elizabeth Whitley, and that Josephine Whitley was not a representative or trustee of or for Mary Elizabeth Whitley in the prosecution of that action. This case is very different from the state of facts considered in *Jones v. Stewart,* 62 Neb. 207, 87 N. W. 12, and *Jones v. First Nat. Bank,* 3 Neb. Unof. 73, 90 N. W. 912, and in noting the distinction we do not mean that we approve the line of reasoning adopted in both of those cases.

Another thing that should not be lost sight of in this case is that no attempt at election has ever been made as against the railroad company. Mary Elizabeth Whitley was not a party to the action prosecuted in the superior court of Spokane county, and was not brought into the case, and, on the other hand, the railroad company was not a party to the proceeding in the Tennessee court, and so the respondent herein has never attempted to pursue but a single remedy against the railroad company. Both respondent and the appellant have never met in court until in this action.

(3) It is contended by the railroad company that the judgment herein in favor of Mary Elizabeth Whitley in substance and effect denies the "full faith and credit" to the Washington and Tennessee judgments which is commanded by the constitution of the United States, sec. 1, art. 4, and sec. 905 of the Rev. Statutes of the United States. If it does, it is clearly void. We understand it to be the absolute duty of the courts of this state to give to the judgments and judi-

cial proceedings of the courts of every other state of the Union the same faith and credit which such judgments and proceedings are accorded by the courts of the states respectively in which such judgments were entered and such proceedings were had. (*Mills v. Duryee,* 7 Cranch (U. S.), 481, 3 L. ed. 412; *Hampton v. McConnel,* 3 Wheat. (U. S.) 234, 4 L. ed. 378; *Cheever v. Wilson,* 9 Wall. (U. S.) 123, 19 L. ed. 604; *Christmas v. Russell,* 5 Wall. (U. S.) 302, 18 L. ed. 475; 13 Cyc. 380; 8 Am. & Eng. Ency., 2d ed., 955; 1 Bailey on Jurisdiction, sec. 4; Brown on Jurisdiction, sec. 1-a.)

In order to reach a proper solution of this question, it is necessary to consider the character and binding effect of the judgments pleaded in the respective courts where rendered and entered. In the first place, the action prosecuted by Josephine Whitley as administratrix against the railroad company in the superior court of Spokane county, Washington, was based on an Idaho statute which was set up in the complaint and upon an accident which occurred in the jurisdiction of Idaho. The party plaintiff in that action was not a resident of the state of Washington and so pleaded in her complaint. She was a foreign administratrix. The respondent in this action, Mary Elizabeth Whitley, was never made a party to the Washington action, and the only way in which it could be said that she was bound by the judgment in that case is upon the theory that under the laws of Idaho she was an heir of A. P. Whitley, deceased, and that the *foreign administratrix, Josephine Whitley, was prosecuting the action in the Washington court as trustee for all the heirs of A. P. Whitley, deceased.* Mary Elizabeth Whitley may have supposed, and evidently did suppose, that such was the case, and that when judgment should be obtained she would be declared by the courts to be an heir and therefore a *cestui que trust* in that fund. It must be remembered that the Washington court never at any time has determined *who were the heirs for whom Josephine Whitley was suing or whom she represented as administratrix and trustee.* While the judgment was entered in Washington, the fund was apparently never subjected to the Washington jurisdiction. The fruits of the

Washington judgment, however, were at once subjected to the jurisdiction of the probate court of Shelby county, Tennessee, and that court at once held that Josephine Whitley had never represented Mary Elizabeth Whitley and had never prosecuted this action for her benefit, and that Mary Elizabeth Whitley had no interest whatever in the fund received and that Josephine Whitley was the "sole heir and distributee of said A. P. Whitley, deceased." The railroad company was not a party to the proceeding at any time or in any manner in the courts of Tennessee. So far as it appears from the judgment both of the probate court of Shelby county, Tennessee, and of the supreme court of that state, no account whatever was taken in that proceeding of the laws of either the state of Washington or the state of Idaho, either as to their application in permitting the prosecution of a cause of action for a death claim or as to who constitute the heirs of a deceased person in either of those states. The Tennessee judgment appears to have been rested solely upon the statutes of that state.

It clearly appears then, first, that the respondent in this case, Mary Elizabeth Whitley, had no right of action and no claim whatever under the laws of the state of Tennessee; second, that she was never made a party to the action prosecuted in the state of Washington, and that the action there prosecuted was not prosecuted for her or in her interest or on her behalf, and that she was neither accorded representation there in person nor by trustee, administrator or other representative. She has, therefore, clearly never been a party to the Washington judgment and is not bound by that judgment. (*Galveston H. & A. S. R. Co. v. Kutac*, 72 Tex. 643, 11 S. W. 127.) The Tennessee judgment, as heretofore observed, is in no manner a bar to the prosecution by Mary Elizabeth Whitley of her statutory cause of action in the state of Idaho against the railroad company that committed the injury and caused the damage.

This brings us to a consideration of the nature of this cause of action and the status of respondent in the courts of Idaho.

Sec. 4100 of the Rev. Codes authorizes the prosecution of an action by the "heirs or personal representatives" of a deceased person against a person wrongfully causing the death of such person, and any judgment obtained in such an action inures to the benefit of the heirs of the decedent, and in no case becomes a part of the assets of the estate of the deceased. Except for this statute, no such action could be prosecuted in this state and no such cause of action could accrue in this state. (*Webster v. Norwegian Min. Co.,* 137 Cal. 399, 70 Pac. 276; *Burk v. Arcata etc. R. R. Co.,* 125 Cal. 364, 73 Am. St. 52, 57 Pac. 1065; *Munro v. Pacific Coast D. & B. Co.,* 84 Cal. 515, 18 Am. St. 248, 24 Pac. 303. See, also, 9 & 10 Victoria, 93; *Liggett v. Great Northern Ry. Co.,* L. R. 1 Q. B. D. 599.) The legislature had this power to confer this right on any heir or representative it saw fit to name or withhold the authority altogether. (*Maysville Street R. R. & T. Co. v. Marvin,* 59 Fed. 91, 8 C. C. A. 21.) . The cause of action is not anything that ever belonged to the decedent or to his estate. It never accrued to the decedent. The action is allowed upon the theory that the wrongful death of the ancestor works a personal injury to his heirs, in that it deprives them of some pecuniary or other benefit which they would have received except for the death of the ancestor. The statute confers this right of action on the heirs, and it gives it directly to them or a personal representative such as an executor or administrator, and when such representative prosecutes the action, he does so *as trustee for the heirs.* California and other states that have a similar statute have construed this statute and have uniformly held as above indicated. (See *Webster v. Norwegian Min. Co., supra; Serenson v. Northern Pac. Ry. Co.,* 45 Fed. 407; *Salmon v. Rathjens, supra; Dennick v. Railroad Co., supra; Galveston etc. Co. v. Kutac, supra.*)

It has been held that a personal representative of the decedent cannot maintain such an action without alleging and proving that the decedent has left surviving him an heir. (*Serenson v. Railway Co., supra; Jones v. Leonardt,* 10

Cal. App. 284, 101 Pac. 811.) It is conceded that under the laws of the state of Idaho, the respondent, Mary Elizabeth Whitley, is an heir of A. P. Whitley, deceased, and that where the deceased, as in this case, left no issue, the surviving wife and surviving mother, the father being dead, are his only heirs and that they would inherit from him in equal shares. (Subd. 2, sec. 5702, Rev. Codes.) A recovery in a foreign state, therefore, under the death statute of Idaho authorizing such an action for a wrongful death caused within this state, would not bar an action in this state by anyone who is an heir under the laws of Idaho and who was barred from participating as an heir under the laws of the foreign state. In other words, a recovery on such a cause of action in a foreign state for the use and benefit of persons who are heirs under the laws of such foreign jurisdiction is not a bar to the further prosecution of an action in this state for the use and benefit of such heir or heirs under the laws of this state as were not included within the recovery in the foreign jurisdiction. See *Galveston etc. Co. v. Kutac, supra,* on the principle here involved. The full faith and credit clause of the constitution of the United States and the act of Congress thereunder (sec. 950, Rev. Stats.) does not require or command that any person who has a cause of action under the laws of this state shall be precluded from that right or be barred the right of recovery by reason of a partial recovery in another jurisdiction or a recovery for the use and benefit of *only a part of such persons as. are authorized under our statute to maintain their action.* The Tennessee judgment would be a bar in that state to a. recovery by Mary Elizabeth Whitley, not because a recovery had once been had, but for the reason that no recovery at all could be had there by or for her use and benefit. This is because she was not an heir of A. P. Whitley under the laws of Tennessee. The Washington judgment would be no bar in that state to a further prosecution by Mary Elizabeth Whitley, for the reason that the court of the foreign state wherein Josephine Whitley obtained her appointment and official

existence holds that she alone was the sole heir of A. P. Whitley, deceased, and that she had no authority to and did not represent Mary Elizabeth Whitley in the prosecution of this death claim in the Washington court. These judgments, the one from Washington and the other from Tennessee, would clearly not be a bar in the respective states against anyone except one who was a party or privy to such action, and then only to the extent of the subject matter and parties involved. Neither one of them adjudges Mary Elizabeth Whitley's right of recovery under the Idaho statute on this death claim, and the Tennessee court holds in effect that she was never represented by the personal representative, Josephine Whitley, in the Washington action. If Josephine Whitley had come to Idaho and prosecuted her action, in the same manner with the same parties, solely under her appointment from the Tennessee court, and no question of her capacity to sue had been raised, and she had obtained a judgment such as she obtained in the state of Washington and had returned, as she did, with the fruits of that judgment to Tennessee, such judgment, although rendered and entered in the Idaho jurisdiction, would not be a bar to the prosecution of this present action by Mary Elizabeth Whitley as an heir of A. P. Whitley, deceased. (*Galveston etc. Co. v. Kutac, supra.*) The reason why it would not be is apparent; in prosecuting such action as a foreign administrator she was not representing all of the heirs who were entitled to recover under the Idaho statute. (*Galveston etc. Co. v. Kutac, supra; Maysville St. & R. R. Co. v. Marvin,* 59 Fed. 91, 8 C. C. A. 21; *St. Louis etc. v. Beilharz* (Tex. Civ. App.), 88 S. W. 512.) Evidently an administratrix appointed under the laws of Tennessee does not represent every person there who is made an heir under the laws of Idaho.

We are aware that it has been suggested in a California case (*Redfield v. Oakland Consolidated Ry. Co.,* 110 Cal. 277, 42 Pac. 822, 1063), that the word "heirs," as used in sec. 377 of the California Code of Civil Procedure, corresponding to sec. 4100 of our Rev. Codes, does not mean heirs such as are

entitled to inherit from a deceased person under the statute of that state, but rather means "common-law heirs," and is used in the "common-law sense." What was said in that opinion seems to have been mere dictum, and was not necessary to a decision of the case and does not appeal to us as being sound, and we would not be inclined to adopt that theory in this state. An heir is "one who on the death of another becomes entitled by operation of law to succeed to the deceased person's estate, as an estate of inheritance; an heir at law." (Standard Dictionary; Oxford Dictionary; Bouvier Law Dictionary; Black's Law Dictionary.) Our statute defines who shall inherit the property of a deceased person. Those persons are his "heirs," and our statute, sec. 4100, authorizes the "heirs" of a deceased person or his personal representative to maintain an action such as the one at bar. In our opinion, those heirs are statutory heirs rather than common-law heirs.

It is argued by respondent that the Washington judgment was of no effect, for the reason that Josephine Whitley never took out any letters of administration in that state and that a foreign administrator, acting solely under authority of an appointment in a foreign jurisdiction, has no right to maintain an action under the laws of the state of Washington. Counsel cite the case of *Barlow & Shepherd v. Coggan,* 1 Wash Ter. 257, in which the Washington court held to the view maintained by respondent. That position seems to be sustained by the weight of authority. (*Dennick v. Central R. R. Co., supra; Maysville Street etc. Co. v. Marvin, supra; Hall v. Southern Ry. Co.,* 146 N. C. 345, 59 S. E. 879.) See, also, cases cited by this court in *Anthes v. Anthes,* 21 Ida. 305, 121 Pac. 553, wherein this court considered the question here discussed. We have heretofore held, however, and we think correctly so, that although a foreign administrator has no authority to sue outside of the state where he receives his appointment, still the objection goes rather to his capacity to sue or maintain an action than to the sufficiency of the cause of action or the jurisdiction of the court, and that such question

must be properly and timely raised by demurrer in the trial court.   (*Anthes v. Anthes*, 21 Ida. 305, 121 Pac. 553.)

No legal reason is shown why this judgment should be reversed or disturbed.   The judgment is affirmed, with costs in favor of respondent.

Sullivan and Stewart, JJ., concur.