(No. 7090. October 27, 1943.)

MURTAUGH HIGHWAY DISTRICT, a quasi-municipal subdivision of the State of Idaho, Appellant, v. TWIN FALLS HIGHWAY DISTRICT, a quasi- municipal subdivision of the State of Idaho; and V. E. MORGAN, J. E. WINANS, and W. T. COMBS, Commissioners thereof, Respondents.

[142 Pac. (2d) 579.]

262

Smith & Ewing and B. W. Oppenheim for appellants.

Everett M. Sweeley for respondents.

GIVENS, J.—Respondent, Twin Falls Highway District, was organized September 6, 1918. February 8, 1922, appellant, Murtaugh Highway District, and the Rock Creek Highway District were formed and took over part of the territory of the original district, the remaining portion continuing as the Twin Falls Highway District. July 1, 1919, $1,250,000.00 ten-twenty year bonds were issued, all outstanding February 8, 1922.

Appellant's suit herein was for reimbursement for claimed ad valorem overpayments of its proportionate liability on the bonds and its share of profits from respondent's purchase and sale of securities. The first cause of action is an omnibus one covering the others and will be disposed of by consideration of them. The facts were stipulated. Judgment was for respondent on its denials and affirmative defenses and claims, except as to certain interest.

Between 1932 and 1938 respondent certified to the constituent districts an ad valorem levy slightly larger than the ad valorem levy made in its district for the payment of principal and interest of the bonds. Appellant contends that because of this difference it paid in ad valorem taxes $12,660.78 more than it would have if the levy had been uniform. The difference, however, between the amount of the levy made by respondent in its own district and the amount it would have raised if it had made a levy equal to that in the other two districts was made up by the respondent district and applied on the payment of principal and interest of bonds out of motor vehicle license fees paid by its residents. Appellant contends that all of the license fees should have been used before any ad valorem tax was levied. Both the appellant district and the Rock Creek district received and retained the motor vehicle license fees collected in their districts, and none of these license fees were used in the payment of principal and interest of the bonds. Appellant's contention, insofar as it is that the basis

for apportionment should be the automobile license fees rather than the relative assessed valuations of the district, is contrary to all of the plain statements and intendments of the appropriate and pertinent statutes and a prior decision of this court determining the proper basis for apportionment as between these parties. Sec. 39-1568 provides as follows:

"Security for bonds.—The full faith, credit and all taxable property within the limits of said district, as they exist at the time of the original resolution of the highway board for the issuance of such bonds, or may thereafter be extended, are and must continue pledged, and the proper officers of said district must continue to assess and collect on all taxable property within the limits thereof, the necessary taxes to pay said bonds and interest as the same become due. Should the tax for the payment of interest on or the principal of bonds issued under the provisions of this chapter at any time not be collected in time to meet such payment, the money must be paid out of any moneys in the general fund of the district, and the moneys so used for such payment must be repaid to the fund from which so taken, out of the first moneys paid therein and a sum sufficient to cover such deficit shall be levied and collected in the next, or any succeeding year. Any failure of any officers of said district to comply with any of the provisions of this section shall be deemed a misdemeanor, and any such officer shall be fined not exceeding the sum of $200.00 or imprisoned in the county jail not exceeding sixty days. * * *"

Sec. 39-1510 provides:

"Division of district—Levy to pay indebtedness.—Whenever an amount is found to be due from either of said districts to the other and where a warrant or warrants have been drawn for the amount so due, payable to the creditor district, and the levy for the first year found to be insufficient for the payment of said warrant or warrants it shall be the duty of the board of highway commissioners of said debtor district to levy annually a tax sufficient to pay annually at least twenty-five per cent of said warrant indebtedness or so much of said warrant indebtedness as the limit of levying taxes by highway district as now prescribed by law will permit, and providing further that the commissioner of the old district shall annually levy a property tax for both the old and the new district for the pur-

pose of providing a sinking fund to pay the bonded indebtedness of said original district at the time of said division. Upon any such levy being made by the board of commissioners of the old district, it shall be the duty of the clerk of said board to transmit to the board of commissioners of the new district a certified copy of the resolution providing for said tax, and it shall be the duty of said board of commissioners of the new district to spread said resolution on its minutes and a tax shall be levied on said new district in accordance with said resolution and collected in like manner as other special highway district taxes are collected, and paid as rapidly as collected by the tax collector of the county in which the new district is situated, to the treasurer of the old district who shall credit same to the sinking fund to liquidate the aforesaid bonded indebtedness."

The bond limit in the highway district is on the assessed value and not on moneys that may be received from the motor vehicle license fund. Sec. 39-1566, I.C.A.

While the motor vehicle license fees are paid to the district and may be applied by them in the payment of the principal and interest of any outstanding bonds, the basis for apportionment by the districts is not thereby affected. Sec. 39-2111, I.C.A.[1]

---

[1]"39-2111. Apportionment of motor vehicle license money.—**** after meeting in the manner prescribed the said interest and sinking fund requirements, the county commissioners shall apportion and pay over to the treasurer of any regularly organized and existing highway or good road district within such county such portion of the balance of such funds as the amount of license money collected from such highway or good road district shall bear to the total amount of license money collected in the whole of said county, and shall apportion any further balance to the road and bridge fund of the said county, or may, in their discretion, expend such portion thereof as may to them seem necessary in the construction and maintenance of state highways passing through cities or villages within their county or along the route of such highways in such cities or villages.

"The commissioner of any highway or good road district receiving money under the terms of this section shall set aside for interest and sinking fund requirements such sum or sums as may be necessary to meet such demands accruing during the current fiscal year on any unpaid bonds of said district, and shall use any remaining balance for road and bridge construction, repairs or improvements."

In *Murtaugh H. Dist. v. Twin Falls H. Dist.*, 55 Ida. 400, 42 P. (2d) 1007, the court clearly announced that the basis of apportionment between these districts, from which should be computed the amount each should pay in any year for the retirement of its bonds, was the assessed valuation and not the amount of license fees received. *Joint Highway Dist. No. 13 v. Hinman*, 220 Cal. 578, 32 P. (2d) 144. Appellant district and the Rock Creek district, if they had desired, could have used the motor vehicle license fees to pay the ad valorem levy. Instead of that they elected to receive and use the money for other purposes. Appellant perforce at all times knew that its license fees were not being used in the payment of the bonded indebtedness, and received, accepted, and kept the same. To allow its claim against respondent would be to require respondent to pay appellant's share of the bonded indebtedness, which would neither be just or honest. Its acts were totally inconsistent with its present attitude and contention. While the ad valorem taxpayers in all three of the districts might have had, which we do not decide, a just cause of complaint because all the motor vehicle licenses were not applied on the bonded indebtedness and interest before an ad valorem levy was made, appellant district as such is in no position to complain, because it has participated with respondent in the disposition of its motor vehicle licenses, except that it used none of its motor vehicle licenses to pay bonds and interest, and respondent did. The question here is not between the taxpayers and the district but between the respective districts. Respondent has paid its share in full. The manner of payment was at all times with the full knowledge, acquiescence, and participation of the appellant. On no ground, therefore, does it have a basis for legitimate complaint.

" 'Where a party by conduct has intimated that he consents to an act which has been done or will offer no opposition thereto, though it could not have been lawfully done without his consent, and he thereby induces others to do that from which they otherwise might have abstained, he cannot question the legality of the action to the prejudice of those who have acted on the fair inference to be drawn from his conduct.' " (*Exchange State Bank v. Taber*, 26 Ida. 723, 145 P. 1090.)

*Whitley v. Spokane etc. Ry. Co.*, 23 Ida. 642, 132 P. 121; *Leaf v. Reynolds*, 34 Ida. 643, 203 P. 458.

Highway districts are in the category of purely

business and proprietary corporations. In re Rogers, Randall & Pitzen, 56 Ida. 521 at 528, 57 P. (2d) 342. Therefore, equitable estoppel applies and is properly invoked against appellant. ·

"We recognize the fact that ordinarily the doctrine of laches and estoppel may not be invoked against a municipality on account of the action or inaction or conduct of its public officers. This, however, is more especially true with reference to their acts and conduct in governmental and purely municipal affairs. It has never been held with the same strictness in reference to purely business and proprietary matters and transactions.

"* * *·

"We recognize that, as a general rule, the doctrine of estoppel does not apply to municipal corporations, and we are not unmindful of the fact that the courts of many states. have absolutely refused to apply it to such corporations. We are not prepared, however, to announce an unalterable and unexceptionable rule in this state which would inevitably result in perpetrating wrong and injustice in exceptional cases like this. Courts of equity are established for the administration of justice in those peculiar cases where substantial justice cannot be administered under the express rules of law, and to adopt a rigid rule that recognizes no exceptions would be to rob such courts of much of their efficacy and power for administering even-handed justice. The people in their collective and sovereign capacity ought to observe the same rules and standard of honesty and fair dealing that is expected of a private citizen. In their collective and governmental capacity, they should no more be allowed to lull the citizen to repose and confidence in what would otherwise be a false and erroneous position than should the private citizen." (*Boise City v. Wilkinson*, 16 Ida. 150, at 174 and 177, 102 P. 148.)

*Twin Falls Co. v. West*, 25 Ida. 271, 137 P. 171.

There has been no disparity whatever in the amounts paid by the three districts, and, as a matter of fact, as found by the court, respondent overpaid $1144.94 on the basis of the relative assessed valuations, as specified in the stipulation.

Appellant makes the naive contention, however, that all of the license fees received by the Twin Falls district and used by it in paying its share of the indebtedness became

in some manner trust funds, whereby all, apparently, of the motor vehicle license fees received by the Twin Falls district should have been applied on bonded indebtedness, though appellant contributed none of its license fees and has not offered to do so, urging that moneys set apart for a certain purpose may not be used for some other purpose. In the first instance, respondent didn't any more use the license fees for an improper purpose than did appellant; in the second, the use of the funds is not what would have occasioned any ground for redress, but the failure of respondent to pay its proper share of the indebtedness; in the third place, these funds were never apportioned or irrevocably dedicated by the legislature to the payment of bonds in lieu of or prior to the use of ad valorem taxes, and the cases cited by appellant do not sustain its position in this regard. *Excelsior Township v. Kirby, County Clerk,* 250 Mich. 695, 231 N.W. 56, involved the question of what board had jurisdiction over certain funds. *Delaware County Excise Board v. St. Louis-San Francisco Ry. Co.,* 173 Okla. 574, 49 P. (2d) 523, held that highway funds could not be used for general county purposes. *Wentz v. Ingenthron,* 146 Okla. 165, 294 P. 154, held that where a bond issue was authorized on the basis that certain definite roads would be constructed thereby it would be improper to use it for other purposes. Appellant makes no claim it did not receive all the motor vehicle license fees to which it was entitled or that respondent failed to apply ad valorem taxes received from appellant and the Rock Creek district in payment of the bonds and interest thereon. Respondent's own investments were in no way inimical to or injurious to appellant or the handling of the moneys collected to pay and paid by respondent in the liquidation of the bonds. Respondent used no trust funds in these transactions. Respondent was not trustee for appellants as to respondent's own funds, owed no duty in connection therewith, and hence was guilty of no wrong-doing in connection with appellant's third or fourth causes of action. (*Shepherd v. Dougan,* 58 Ida. 543, 76 P. (2d) 442 (original opinion).)

Appellant does not object because respondent paid *some* of its motor vehicle license funds on the bonded indebtedness but objects because it did not pay more or all thereof. Appellant must be consistent in its theory (*Eastern Idaho Loan & Trust Co. v. Blomberg,* 62 Ida. 497, at 506, 113 P. (2d) 406; 49 C.J. 119, sec. 110) ; therefore, it must concede

that it could or should have used in like proportion its motor vehicle license funds, and that it was as free to do so under sec. 39-1510, I.C.A., as respondent was under sec. 39-2111, I.C.A. Respondent used in the payment of its share of the bond indebtedness and interest $151,525.98 from sources other than ad valorem taxes. Whether all of this came from motor vehicle license fees is not clear, but conceding that it did, on the relative valuation basis (87.82% from Twin Falls district, 7.078% from Murtaugh district, 5.10% from Rock Creek district) if appellant district had likewise used its funds to the same extent, it would have paid approximately $12,200, and it had ample funds to have done so because it received $44,538.63 in motor vehicle licenses.

Respondent district has paid its full share and proportion as based upon the relative assessed valuations, using the balance of its motor vehicle license funds over and above the amount used by it in payment of what otherwise it would have paid by ad valorem tax just the same as the other districts have used all their motor vehicle license fees.

■ If the license fees of all three districts had been used in the payment of bonds and interest thereon, ad valorem taxes in the amount of $1,047,300.63 need not have been levied. Appellant's third cause of action is for a relative share thereof, which it contends is $40,785.52. This position is equally untenable for the above reasons.

■ From time to time there was not in the bond retirement or interest funds sufficient money to pay on the due date of the bonds. Respondent advanced from other sources money sufficient to make these payments. None of the money advanced was paid by appellant district or the Rock Creek district, but from other funds received by respondent. Secs. 39-1543, 39-1546, 39-1552, 39-1568, 39-2111, I.C.A. When taxes were received from the two districts in sufficient amount, respondent reimbursed itself for these advances. There remained in this fund, June 5, 1940, of respondent's moneys, not appellant's, some $74,000. Appellant contends it is entitled to share therein, though it did not contribute thereto, on the theory that having been advanced by respondent it became trust funds in which the other districts were entitled to share. Conceding respondent was trustee for the other districts of joint funds, that did not give appellant any right to share in a distribution of respondent's moneys to which it had not contributed. Appellant was benefited by these advances made by respondent of its own funds because

appellant was not required to make a larger levy necessary if sufficient funds had been previously collected.

 From time to time respondent invested some of its own money in various securities and made a profit therefrom. None of the money used by it in these transactions was contributed by appellant, yet it contends it should share therein, which contention is as fallacious as the one advanced in connection with the fourth cause of action.

There remains in respondent's possession $5729.12 jointly contributed by the three districts over and above the amount necessary to retire the bonds, which have all been paid. It was stipulated that this should be distributed in accordance with the assessed valuation. The judgment was in accordance therewith, and it is unnecessary to further consider that cause of action.

 Respondent contended that it was entitled to contribution from appellant for the expense of administering the payment of bonds, etc. The trial court gave judgment for this amount, which, if due and owing from appellant to respondent, was conceded to reasonably be the sum of $365.35. If the districts had not been separated, appellant's portion of the original territory would have borne its share of the expense, and this contribution is justified by sec. 39-1510, I.C.A.

The judgment is therefore affirmed. Costs awarded to respondent.

Holden, C.J., and Ailshie and Budge, JJ., concur.