237 P.2d 348

**LLOYD CRYSTAL POST NO. 20, THE AMERICAN LEGION v. JEFFERSON COUNTY et al.**

No. 7713.

Supreme Court of Idaho.

June 19, 1951.

On Rehearing Nov. 26, 1951.

A. A. Merrill, Idaho Falls, Merrill & Merrill, Pocatello, for appellant.

T. Harold Lee, William P. Hemminger, Rigby, for respondents.

THOMAS, Justice.

The appellant, hereinafter referred to as the Legion Post, purchased the real property in question in 1929 to be used as a war memorial building; some of the funds used to purchase the property were secured from the State of Idaho and also from Jefferson County, pursuant to Chapter 1, Title 65 of the Idaho Code; the Legion Post also at that time executed a mortgage on the property to secure the payment of $4,400.

In 1934 the old garage building which rested upon the property at the time of purchase, was in a bad state of repair and needed reconditioning; there was an oral understanding between the Legion Post and the City of Rigby that the Legion Post would deed the property to the City and the City in turn, as the sponsoring agency, would seek W.P.A. financial assistance to repair, remodel and otherwise recondition the building so that it might be used as a community center, war memorial, a National Guard and Armory building; soon thereafter the Legion Post, by warranty deed, conveyed title to the property to the City of Rigby, one of the respondents herein, for a recited consideration of $1, which was not received; at the time of the conveyance to the City the mortgage above mentioned had not been paid; this deed was acknowledged February 28, 1936, some two years after its execution, and was not recorded until May 18, 1937.

The application of the City of Rigby to the Federal Government for W.P.A. funds was approved and the repair, remodeling and reconditioning of the building, financed by both Federal and municipal funds, was completed on or near June 1, 1937.

Before the warranty deed was recorded or the project commenced, the Legion Post again mortgaged the property to secure a loan of $3,200, and at that time the earlier mortgage was released and satisfied of record.

At or near the date of completion of the work on the building the City of Rigby gave a written lease of the premises to the Legion Post for a period of twenty-five years commencing as of January 1, 1937; under the terms of this lease the Legion Post was to pay the mortgage indebtedness and was to have possession of the property and to operate it through a manager selected by the Legion Post.

At all times following the purchase of the property by the Legion Post in 1929 it has been in the actual possession and enjoyment of and has exercised exclusive control and dominion over the property which has been used as a war memorial and armory and as a community or civic center; all the revenues derived from the operation of such property, which the record reveals were substantial, were received and used by the Legion Post and no claim thereto is now or has ever been asserted by the City.

On October 1, 1940 the Legion Post paid the mortgage indebtedness of $3,200 against the property and on April 7, 1943 the City of Rigby quitclaimed the property to the Legion Post; there was no ordinance passed, notice given or election held prior to such conveyance, but the conveyance was made pursuant to resolution of the City Council.

Commencing in 1939 and until the end of the year 1946 the Legion Post received public moneys from Jefferson County under the provisions of Title 65, Chapter 1, Idaho Code, to aid in the maintenance, upkeep and repair of the building; the property at all times has been exempted from taxation.

In the year 1949 the Legion Post purchased another tract of land contiguous and adjacent to the property involved, and in the year 1949 the Legion Post erected a machinery garage upon the land purchased in 1945; it also made other valuable improvements on the property purchased in 1945 in addition to the machinery garage to accommodate the National Guard, and also installed a vault and erected a plaque on the property. The structure erected upon the property purchased in 1945 adjoins the building previously repaired and reconditioned and both buildings have been used by the Legion Post as one structure.

In 1947 the County Commissioners of Jefferson County refused to make further appropriations to the Memorial Maintenance Fund for the repair, upkeep and maintenance of the building; at about the same time the City of Rigby exacted a charge from the Legion Post for curbing a sidewalk in front of the building, which the Legion Post paid; the City had never made a charge to the Legion Post for monthly water rentals until at about this

time when it exacted such charges which were thereafter paid by the Legion Post.

In October, 1949 the Legion Post filed an action to quiet title to both tracts. The court decreed that the Legion Post was not the owner of nor did it have any right, title or interest in the lands which it had previously conveyed to the City of Rigby. It is from this portion of the judgment that appeal was taken.

The Legion Post has made numerous assignments of error, all directed at the failure of the trial court to find title in the Legion Post. It contends that the quitclaim deed from the City is a valid conveyance of title and that if this is not so that the Legion Post acquired title by adverse possession, and furthermore asserts that the City, in equity, is estopped to deny title in the Legion Post.

It is the contention of the respondents that the property having been held by the City of Rigby for public purposes and uses and having been used for such purposes, could not legally be conveyed except by the enactment of an ordinance and the holding of an election after notice in which a majority of the qualified electors at such election voted in favor of such conveyance, pursuant to Sections 50–1001 to and including 50–1006, Idaho Code; that any attempted conveyance without a compliance with such statutes rendered the transaction wholly void; that the doctrine of equitable estoppel cannot be invoked to prevent the municipality to assert its claim of title to the property; it is the further contention of the respondents that title to property held by a municipality for a public use cannot be acquired by adverse possession.

We will first consider the contention of appellant that the City of Rigby by its acts and conduct is estopped to deny the title of appellant.

Section 50–1001, Idaho Code, in substance provides that real property belonging to a municipal corporation shall not be conveyed except by ordinance duly passed by the City Council or Board of Trustees, after authorization by a majority vote of the qualified electors, residents of such municipality, to be cast at a special election to be called by such ordinance after notice given as provided in Section 50–1003, Idaho Code.

Section 50–1008, Idaho Code, excepts from the operation of the provisions requiring the enactment of an ordinance and the holding of an election, any real property of the municipality not acquired or used as a public park, playground or public building site and provides that the sale of any such property may be authorized by resolution.

These statutes do not prohibit but on the contrary confer. upon the municipality the authority and the power to convey title to lands held as a building site, only circumscribing the manner and method of consummating such sale.

The authorities make a distinction between a contract absolutely and directly

prohibited by some statutory or constitutional enactment or one entirely beyond the power of a municipality to enter into and contracts which are within the corporate power but which, in the making thereof, some irregularity occurs; if it be a contract in the first category, that is, one where no power exists for its execution or it is expressly and directly prohibited by constitutional or statutory enactment, estoppel can never be invoked in aid of such a contract, and this is the rule in Idaho. Deer Creek Highway Dist. v. Doumecq Highway Dist., 37 Idaho 601, 218 P. 371; School Dist. No. 8, v. Twin Falls County Mutual Fire Insurance Company, 30 Idaho 400, 164 P. 1174; on the other hand, if the contract be within the lawful power of a municipality but is challenged because of some irregularity in the manner or method employed in its execution, estoppel may under equitable circumstances, be invoked. Boise City v. Wilkinson, 16 Idaho 150, 102 P. 148, 157; Twin Falls County v. West, 25 Idaho 271, 137 P. 171; Murtaugh Highway Dist. v. Twin Falls Highway Dist., 65 Idaho 260, 142 P.2d 579; Deer Creek Highway Dist. v. Doumecq Highway Dist., supra. This rule, as set forth by Justice Ailshie in the case of Boise City v. Wilkinson, supra, merits reiteration, and is stated thusly: "We recognize that, as a general rule, the doctrine of estoppel does not apply to municipal corporations, and we are not unmindful of the fact that the courts of many states have absolutely refused to apply it to such corporations. We are not prepared, however, to announce an unalterable and unexceptionable rule in this state which would inevitably result in perpetrating wrong and injustice in exceptional cases like this. Courts of equity are established for the administration of justice in those peculiar cases where substantial justice cannot be administered under the express rules of law, and to adopt a rigid rule that recognizes no exceptions would be to rob such courts of much of their efficacy and power for administering even-handed justice. The people in their collective and sovereign capacity ought to observe the same rules and standard of honesty and fair dealing that is expected of a private citizen. In their collective and governmental capacity they should no more be allowed to lull the citizen to repose and confidence in what would otherwise be a false and erroneous position than should the private citizen."

In the case of Robinson v. Lemp, 29 Idaho 661, 161 P. 1024 where it was urged that a municipality cannot by its act and conduct be estopped to assert its title to real property, this court there again reiterated and applied the rule announced in the Wilkinson case to the effect that a municipal corporation may by its conduct or by the conduct of its officers and agents be estopped to assert its claim of title to property. See also McQuillen on Municipal Corporations, Vol. 3, (Rev.) Sec. 1357, pp. 1289, 1290 and 1293.

■ The contract of conveyance in the instant case was fully performed by both

parties and in full reliance thereon the Legion Post has expended substantial sums of money in making valuable and permanent improvements upon the property which it has possessed, managed and controlled as one unit or structure; it also paid a curbing charge and water rental exacted by the City; to refuse to invoke the principle of equitable estoppel against the City of Rigby under all the facts and circumstances of this case, would result in perpetrating a wrong and injustice upon the Legion Post.

The exceptional and unusual facts in this case justify, in the interest of substantial justice, the application of the rule first announced in the Wilkinson case and consistently followed thereafter; we hold that the doctrine of equitable estoppel should be invoked to avoid an unjust result.

There is no danger in recognizing the principle of equitable estoppel as applicable in exceptional cases, since this leaves the courts to decide the question, not by mere lapse of time, but upon all the circumstances of the case to hold the public estopped or not, as right and justice may require. Dillon on Municipal Corporations, 5th Ed., Vol. 3, Sec. 1194.

From what has been stated hereinabove it is unnecessary to consider or discuss other questions raised.

Judgment is reversed and remanded with instructions to the trial court to enter judgment quieting title of appellant in such lands.

Costs to appellant.

GIVENS, C. J., and PORTER and TAYLOR, JJ., concur.

On Rehearing.

THOMAS, Justice.

The opinion in this case was handed down on June 19, 1951. Subsequently, upon petition of the appellant, rehearing was ordered.

After a careful re-examination of the issues presented on the original hearing as well as those presented on rehearing, we find no sound reason for departing from the conclusions reached therein, and adhere to the conclusions in the former opinion, stating only that it is not the intent of the opinion to nor does it determine or foreclose the rights, if any, that the public may have in the property as a Service Men's Memorial.

GIVENS, C. J., and PORTER, J., concur.

TAYLOR, J., concurs in the conclusion reached.

KEETON, Justice (dissenting).

According to the opinion in this case, the Lloyd Crystal Post No. 20 is given a fee simple title to a public memorial.

While the Post might have a trust title as against the city, under the proof made, it

did not and does not have an absolute title to the property.

I do not agree with the reasons given for the conclusion reached. If the title to the property in question ever belonged to the city, it could not be conveyed in the manner done, and the question of equitable estoppel does not enter into the case, and is not a sufficient reason to deprive the city of title.

Public monies raised by taxation cannot, in my opinion, be spent to further a private enterprise. The Post might be a trustee for all the people and municipal bodies that contributed to the memorial, but it does not follow that the Post is the absolute owner of the property in question.

For these, and other reasons, I dissent.