(March 5, 1924.)

O. OLIVER, Respondent, v. WENDELL HIGHWAY
DISTRICT OF GOODING COUNTY, et al., Appel-
lants.

[224 Pac. 81.]

HIGHWAY DISTRICTS—DISORGANIZATION BY CREATION OF NEW COUNTY
—LIABILITY FOR BONDED INDEBTEDNESS OF PART ATTACHED TO
ANOTHER DISTRICT—INCIDENCE OF TAX LEVY TO PAY INTEREST.

1. By chap. 4, 1919, Sess. Laws, the county of Jerome was
created, taking from Gooding county a portion of the territory
constituting the Appleton Highway District and disorganizing said
district. As provided by said act the board of commissioners of
Gooding county thereafter duly declared the portion of said highway
district left in Gooding county to be attached to and to constitute a
part of appellant Wendell Highway District adjoining. As re-
quired by said act and in adjusting the respective claims and
rights of Jerome and Gooding counties, there was apportioned to
that portion of the territory formerly included within said Apple-
ton Highway District and thereafter attached to the appellant
district, $12,500 of the then outstanding bonded indebtedness of
the defunct Appleton district. For the purpose of paying interest
on said sum the commissioners of appellant district levied a tax
upon all lands lying within the newly attached territory, which
tax was not levied against any other lands of the Wendell High-
way District. *Held,* that under the constitution and laws of this
state assessments to pay the interest on said bonds must be spread
over the entire appellant district.

Publisher's Note.
Division of territory of municipality, town or county as affecting
its assets and liabilities, see notes in 18 **Ann. Cas.** 324; 39 **L. R. A.,**
**N. S.,** 285.

2. In the absence of statutory provision, the proportionate share of the indebtedness of that part of a disorganized municipality, which is attached to another municipality of the same class, becomes the indebtedness of the consolidated municipal corporation.

3. *Held*, that sec. 14, chap. 4, 1919 Sess. Laws, providing for the division and apportionment of assets and liabilities of highway districts divided by the boundary line of the newly created Jerome county, does not require the owners of land in a portion of a highway district so divided and thereafter attached to another adjoining highway district, to pay the entire amount of its proportionate indebtedness in the old district and at the same time contribute to the indebtedness of the annexing district incurred before the consolidation.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. Henry F. Ensign, Judge.

Action to protest levy of taxes against portion of highway district. Judgment for plaintiff. *Affirmed.*

James R. Bothwell, W. Orr Chapman and J. H. Van Tassel, for Appellants.

"On the consolidation of two or more municipalities, or the annexation of one municipality to the territory of another, the legislature may make the consolidated or annexing corporation liable for the indebtedness of the old corporation, or it may provide for an equitable adjustment or apportionment thereof as by providing that the indebtedness of the respective municipalities at the consolidation or annexation shall remain the indebtedness of the municipality contracting it and provide for the payment of such indebtedness, by taxation upon the property within the limits of the contracting municipality. In the absence of such provision the general rule is, that the contracts and indebtedness of the old corporation become the contracts and indebtedness of the consolidated or annexing corporation. (28 Cyc. 220; *Laramie County v. Albany County*, 92 U. S. 307, 23 L. ed. 552; *Morgan v. Beloit*, 7 Wall. (U. S.) 617, 19 L. ed. 205;

*Mayor of Velverde v. Shattuck,* 19 Colo. 104, 41 Am.
St. 208, 34 Pac. 947; *Pittsburgh Petition,* 217 Pa. St.
227, 120 Am. St. 845, 66 Atl. 348; *State v. Des Moines,*
196 Iowa, 521, 59 Am. St. 381, 65 N. W. 818, 31 L. R. A.
186.)

"It is not essential that the political districts of the
state shall be the same as the taxing districts, but special
taxes may be established for special purposes, wholly
ignoring the political divisions. The political subdivisions
of the state are necessarily regarded in taxation only
when the tax itself is for a purpose specially pertaining
to one of them in its political capacity, so that as already
stated the nature of the tax will determine the district."
(Cooley on Taxation, p. 113; 1 Elliott on Roads and
Streets, sec. 475; 1 Page and Jones on Taxation by As-
sessment, secs. 552, 553; *Shoshone Highway Dist. v. An-
derson,* 22 Ida. 109, 125 Pac. 219; *Fenton v. Board of
County Commrs.,* 20 Ida. 392, 119 Pac. 41; *Boise Irr. Co.
v. Stewart,* 10 Ida. 38, 77 Pac. 25; *Hettinger v. Good Road
Dist No. 1,* 19 Ida. 313, 113 Pac. 721; *Board of County
Commrs. v. Harrell,* 147 Ind. 500, 46 N. E. 124.)

The Wendell Highway District in making such levy
and assessment acted as agent for the disorganized Apple-
ton Highway District, and said levy is in the nature of
a special assessment for that purpose. (*Shoshone County
v. Proffitt,* 11 Ida. 776. 84 Pac. 712.)

James & Ryan, for Respondent.

The general rule is that a tax must be uniform through-
out the district by which the tax is levied. (37 Cyc. 729,
734, 736; 26 R. C. L., pp. 242, 247; *State v. Chicago etc.
Ry. Co.,* 195 Mo. 228, 113 Am. St. 661, 93 S. W. 784;
*Gilman v. City of Sheboygan,* 2 Black (U. S.), 510, 17
L. ed. 305; *Township v. Talcott,* 19 Wall. (U. S.) 666,
22 L. ed. 227; *Day v. Roberts,* 101 Va. 248, 43 S. E. 362;
1 Cooley on Taxation, chap. 6, p. 254; *Kansas City v.
Whipple,* 136 Mo. 475, 58 Am. St. 657, 38 S. W. 295, 35
L. R. A. 747; *City of St. Louis v. Spiegel,* 75 Mo. 145;

*Hamilton v. Board of Commrs.*, 54 Mont. 30, 169 Pac. 729; *Continental Nat. Bank v. Naylor,* 54 Utah, 49, 179 Pac. 67.)

Where one municipality is legislated out of existence and its territory assigned to another municipal corporation, the latter, unless otherwise provided by statute, assumes the debts and takes the property of the old corporation. (28 Cyc. 222 (88); *Demattos v. City of Whatcom,* 4 Wash. 127, 29 Pac. 933; *Mt. Pleasant v. Beckwith,* 100 U. S. 514, 25 L. ed. 699.)

When one municipality is legislated out of existence and its territory assigned to other municipalities, the legislature may apportion between such other municipalities the debts of the dissolved municipality and determine which portion shall be borne by each, but in the absence of such legislation, such other municipalities receiving the territory of the one dissolved will be severally liable for the then subsisting legal debts of the old corporation in the proportion that the taxable property within such disorganized municipality falls within said annexing municipalities. (28 Cyc. 228; *Pepin v. Sage,* 64 C. C. A. 169, 129 Fed. 657; *Broughton v. Pensacola,* 93 U. S. 266, 23 L. ed. 896; *Meriwether v. Garrett,* 102 U. S. 472, 26 L. ed. 197; *Port of Mobile v. Watson,* 116 U. S. 289, 6 Sup. Ct. 398, 29 L. ed. 620; *United States ex rel. v. Port of Mobile,* 12 Fed. 768, 4 Woods, 536; *Brewis v. Deluty,* 13 Fed. 334, 3 McCrary, 223; *Laird v. City of De Soto,* 22 Fed. 421.)

Where the legislature fails to apportion the debts of such old municipality between the annexing municipalities, the power of taxation to be exercised by such annexing municipalities to pay its share of the debts of the old municipality extends to all of the taxable property within its jurisdiction and will not be restricted to the property within the territory actually annexed. (*Pepin v. Sage, supra.*)

BRYAN, Commissioner.—On January 15, 1915, the Appleton Highway District was organized, embracing territory

wholly within the boundaries of Gooding county. Later in the year 1915, the board of commissioners thereof floated bonds of said district in the sum of $25,000 for the purpose of constructing and repairing highways and bridges therein. Appellant Wendell Highway District was organized on January 7, 1916, of territory which is also entirely within Gooding county. During the month of May, 1919, said appellant district issued for road and bridge purposes bonds in the sum of $120,000. In the month of February, 1919, there was enacted by the legislature chapter 4, 1919 Session Laws, by the terms of which the county of Jerome was created, taking from Gooding county a portion of the territory constituting the Appleton District, disorganizing said district, and leaving a portion thereof in Gooding county. Pursuant to authority conferred by the enactment of the legislature creating Jerome county, and subsequent to the floating of the said bonds of the Wendell District, the board of commissioners of Gooding county did, by proper action, during the month of May, 1919, duly declare attached to and a part of appellant Wendell Highway District all that portion of the Appleton District remaining within Gooding county. As required by said act, and in adjusting the respective claims and rights of Jerome and Gooding counties, there was apportioned to the territory formerly included within the Appleton District, and which was thereafter attached to Wendell District, the sum of $12,500 of the then outstanding bonded indebtedness of the defunct Appleton District. For the purpose of raising funds to pay interest on the $12,500 of the bonded indebtedness of that portion of the Appleton District remaining in Gooding county, and which had theretofore been attached to the Wendell District, the commissioners of the Wendell District, during the month of October, 1920, levied a tax of twenty-seven cents on each $100 of assessed valuation on all lands lying within the last-mentioned territory, which tax was not applied to any other lands of the district as the same was at that time constituted. The said tax was duly cer-

tified to the auditor of Gooding county, and was, by said officer, extended upon the rolls against the lands included within the levy.

Plaintiff and respondent is the owner of lands embraced within the said territory. During the month of December, 1920, he, under protest, paid to the appellant district one-half of the tax charged against his said lands, which payment has been retained by appellant.

A second cause of action is based upon taxes paid by other persons similarly situated, the right to recover which has been assigned to respondent.

From the judgment of the district court holding the said levy of taxes invalid, void and uncollectible, and directing that respondent recover from appellants the amount of money paid, this appeal is prosecuted.

By appellants it is contended that under constitutional and statutory provisions, and particularly under the act creating Jerome county, and disorganizing the Appleton District, the $12,500 apportioned to that part of the Appleton District which later was attached to the Wendell District should be charged only against the lands lying within the said territory. By respondent it is contended that under the constitution and laws, assessments to pay these bonds should be spread over the entire Wendell District.

It seems conceded that upon the annexation to one municipality of the territory of another, the legislature has ample power to declare how and by whom the indebtedness of the respective municipalities shall be paid, providing that such direction does not violate the constitutional provision that all taxes shall be uniform within the territorial limits of the authority levying the tax. In the absence of such statutory provision, the general rule is that the contracts and indebtedness of the old corporation become the contracts and indebtedness of the consolidated or annexing corporation. (28 Cyc. 220.)

This brings us to an examination of the act of the legislature above mentioned, section 14 of which is as follows:

"All money and property which belongs to any road and highway district divided by the boundary line of Jerome County, as well as the bonded and floating indebtedness of such district, shall be divided and apportioned between the different parts thereof in the proportion that the assessed valuation of the respective parts of such district, as shown by the assessment roll of 1918, bears to the total assessed valuation of the undivided district."

It will be noted that this section merely defines the manner in which the bonded indebtedness of the Appleton District, which was being legislated out of existence, should be divided as between the portion of said district remaining in Gooding county, and the portion which should thereafter become a part of Jerome county. There is nothing in the language employed which suggests that the amount of the indebtedness in the remaining portion of the Appleton District should be paid entirely by the owners of land within such portion, without contribution from the land owners in the original Wendell District. After the board of commissioners of Gooding county discharged the duty enjoined upon it by the legislature by annexing to the Wendell District territory formerly constituting a part of the Appleton District, the newly acquired territory became and remained an integral part of the Wendell District, and was subject to all charges thereafter levied, and entitled to all immunities of the said district to the same extent as though it had been a component part thereof from the time of its inception.

Inasmuch as the legislature made no expression as to how or by whom such indebtedness should ultimately be paid, it must be assumed that the act was passed with full knowledge by the legislature of the existence of section 5, article 7, of the constitution, which section is in part as follows:

"All taxes shall be uniform upon the same class of subjects within the territorial limits, of the authority levying the tax, and shall be levied and collected under general laws, which shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal. . . . . "

We are not able to read into section 14 of this act a provision which would require the owners of land in this acquired territory to pay the entire amount of its indebtedness, and at the same time contribute to the indebtedness of the Wendell District incurred before this territory became a part thereof.

Appellants further contend that C. S., sec. 1496, applies to this controversy, and that by reason thereof the trial court erred in holding that this assessment should be spread over all lands in the appellant district. C. S., sec. 1496, so far as the same can be construed to apply to this controversy, reads as follows:

"If the highway district so declared organized shall have been created out of territory which previous thereto was a part of and included within the boundaries of an already created and organized highway district, then none of the lands taken from the original district and so organized into a new highway district shall thereby be released from liability for assessments previously or thereafter levied by the original district for the purpose of paying any bonds of such original district outstanding at the time of the creation of such new district, but such lands taken from the old district into the new district shall continue to be liable for and shall thereafter be assessed by the old district for the necessary taxes to pay such outstanding bonds or any extension thereof and interest thereon as the same become due, as provided by this chapter. . . . "

This statute refers to the creation of a highway district from territory which is, by such organization, detached from a then existing district. In such event, it is provided that the seceding portion shall remain charged with payment of its proportionate part of the indebtedness incurred while it was a part of the original district. In such case, the seceding portion voluntarily and by vote of the land owners therein detaches itself from the original district and forms an independent organization. It has already enjoyed the benefits accruing by reason of the existing indebtedness. It enters the new district charged with no additional liabil-

ities except such as it thereafter voluntarily assumes for the purpose of further improving its highways. Very different is the situation here. The portion of the Appleton District in controversy was legislated out of existence by a governmental agency over which it had no control. By operation of law, when it was attached to the Wendell Highway District, it became charged with liability to contribute to the payment of obligations in the creation of which it had no voice, and which had been incurred by the Wendell District before it became a part thereof. For these reasons, we conclude that this controversy is not governed by C. S., sec. 1496.

Appellants further contend that under the provisions of section 3, article 18, of the constitution, the entire amount of this indebtedness must be chargeable to the portion of the Appleton District annexed to the Wendell District. This section is in part as follows:

"No county shall be divided unless a majority of the qualified electors of the territory proposed to be cut off, voting on the proposition at a general election, shall vote in favor of such division. . . . . When any part of a county is stricken off and attached to another county, the part stricken off shall be held to pay its ratable proportion of all then existing liabilities of the county from which it is taken."

In support of this contention, appellants cite the case of *Shoshone County v. Profitt,* 11 Ida. 763, 84 Pac. 712, and particularly an excerpt from a concurring opinion, as follows:

"They came into Nez Perce county bringing their burdens for which Nez Perce was in nowise responsible, and in equity should not be required to pay."

This constitutional provision refers to the division of a county, and contains directions as to how the then existing liabilities are to be paid as between the original and newly organized counties. By its terms, it is limited to the division of a county. At the time it was adopted, highway districts were unknown to our law. It prevents the division of a county unless and until a majority of the electors of

the territory proposed to be cut off, at a general election, vote in favor of such division. As stated in *Shoshone County v. Profitt, supra,* they come into the county of their choice, bringing their burdens, for which said county is in nowise responsible, and in equity should not be required to pay.

On the contrary, as stated above, this portion of the Appleton District was disorganized by the legislature, and was by the same authority attached to the Wendell District. In addition and by operation of law, it became liable to contribute toward the liquidation of the indebtedness incurred by the Wendell District before it became a part thereof. There is nothing to indicate that the residents of this territory consented, in any manner, to any changes wrought by the legislature. I conclude, therefore, that this is not a case coming under the provisions of section 3 of article 18 of the constitution.

For the reasons stated, I recommend that the judgment of the trial court be affirmed, with costs to respondent.

McCarthy, C. J., and Budge and William A. Lee, JJ., concur.

PER CURIAM.—The foregoing opinion is hereby approved and adopted as the opinion of the court. It is ordered that the judgment be affirmed, with costs to respondent.