(No. 6169. March 22, 1935.)

MURTAUGH HIGHWAY DISTRICT, Appellant, v. TWIN
FALLS HIGHWAY DISTRICT, Trustee, J. E.
WINANS, J. T. WINDLE and V. E. MORGAN, Re-
spondents.

[42 Pac. (2d) 1007.]

J. H. Barnes, Walters, Parry & Thoman and J. R. Keenan,
for Appellant.

Sweeley & Sweeley, for Respondents, 

AILSHIE, J.—The Twin Falls Highway District was organized in 1919. In 1922 the Murtaugh Highway District was organized out of territory taken from the Twin Falls District. A board of appraisers was appointed under the provisions of sec. 1496, C. S. (sec. 39–1509, I. C. A.), and performed its duties and reported an assessed valuation as follows:

"The assessed valuation of the original district for the year prior to division was $19,791,170.51 and of the territory included in the Murtaugh Highway District was $1,238,838.00. The assessed valuation of the Murtaugh District was therefore 6.25958% of the total assessed valuation of the original district."

No apportionment of the bonded indebtedness was made by the appraisers for the reason that the statute then in force, C. S., sec. 1496 (now sec. 39–1509, I. C. A.), provided that "such lands taken from the old district into the new district shall continue to be liable and shall thereafter be assessed by the old district for the necessary taxes to pay such outstanding bonds or any extension thereof and interest thereon as the same become due, as provided by this chapter."

The same statute provided that the board should "then and there proceed to ascertain the whole amount of indebtedness, if any, *other than bonded indebtedness and interest thereon,* of said original district as it existed prior to the subdivision thereof."

Section 1497, C. S. (now sec. 39–1510, I. C. A.), provided that: "the commissioner(s) of the old district shall annually

levy a property tax for both the old and the new district for the purpose of providing a sinking fund to pay the bonded indebtedness of said original district at the time of said division. Upon any such levy being made by the board of commissioners of the old district, it shall be the duty of the clerk of said board to transmit to the board of commissioners of the new district a certified copy of the resolution providing for said tax, and it shall be the duty of said board of commissioners of the new district to spread said resolution on its minutes and a tax shall be levied on said new district in accordance with said resolution and collected in like manner as other special highway district taxes are collected, . . . . ''

The question with which we are now confronted is this: Was it the duty of the commissioners of the old district to compute the rate of levy annually upon the assessed valuation of the property of the district that was taken from the parent district and included in the Murtaugh district, as it existed and had been assessed at the time of the formation of the new district, or should it be computed upon the annual assessed valuations? The commissioners of the old district, with whom the power was vested to make the levy, proceeded upon the theory that the levy should be made from year to year upon the assessed valuation each year. We are of the opinion that the procedure adopted by the commissioners of the Twin Falls District was the correct view to take of the statute and was the plan contemplated by its enactment.

It is admitted that this controversy arises by reason of the fact that since the creation of the Murtaugh District the assessable property of that district has greatly advanced in valuation; whereas the assessable property of the old district has not increased proportionately. It must be remembered, however, that this is a general statute that applies to all highway districts, where a portion of the district secedes and goes into another district. It may just as frequently happen that in some cases of division of districts the territory in the old or parent district will double or treble in

assessed valuation; while at the same time the assessable property in the seceding portion of the district may depreciate in value. Under such circumstances the contention here made may just as readily be made by the commissioners of the parent district, as it is now being made by the commissioners of the seceding district. A general statute like this applying to all districts that may be divided must necessarily have a uniform construction and application to all districts, even though in some instances it may appear to work an inequitable distribution of tax burdens. It is worthy of note, however, that under this construction and practice segregated territory does not have to pay any greater amount of taxes for application on pre-existing bonded indebtedness than it would have had to pay had it remained in the old district. The rate of levy would have continued uniform on all the property within the old district, in accordance with the assessed valuation from year to year; and that is what is being done under the system adopted by the commissioners in computing a uniform rate of levy to cover both the territory in the old district and that cut off by the formation of the new district.

We do not think it can be presumed that the legislature intended that the commissioners of the parent district should each year compute a different rate of levy for the excluded territory from that used in the old district. It would rather seem that when the rate of levy is fixed by the commissioners of the parent district it was the intention that such rate should apply to and be spread over the entire original territory of the parent district, and we so hold.

It has been urged that the case of *Oliver v. Wendell Highway District*, 38 Ida. 635, 224 Pac. 81, affords some authority in support of the contention made by appellant here. This is predicated principally upon the wording of the following sentence contained in that opinion: "In such event," said the court, "it is provided that the seceding portion shall remain charged with payment of its proportionate part of the indebtedness incurred while it was a part of the original district." We do not understand that the use of the words

"proportionate part of the indebtedness" was intended as applying any different method of computation or rate of levy than that hereinabove indicated.

The judgment of the lower court will be affirmed, with costs in favor of respondent.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.