TOWNSHIP OF EXCELSIOR *v.* KIRKBY.

HIGHWAYS AND STREETS—COUNTY ROAD SYSTEM—MONEY APPOR-
TIONED TO COUNTY.

In county operating under county road system, money appor-
tioned to said county for road purposes under Act No. 1, Pub.
Acts 1925 (weight tax), and Act No. 150, Pub. Acts 1927
(gasoline tax), is subject to control of board of county road
commissioners, and therefore board of supervisors had no au-
thority to apportion it to townships with outstanding bonds
issued to build State reward roads.

Certiorari to Kalkaska; Lamb (Fred S.), J. Sub-
mitted April 22, 1930. (Calendar No. 34,901.) De-
cided June 2, 1930.

Mandamus by the township of Excelsior to com-
pel William T. Kirkby, Kalkaska county clerk, and
Arthur H. Woodhams, Kalkaska county treasurer,
to pay over certain funds to plaintiff's officers.
From order dismissing petition, plaintiff brings cer-
tiorari. Affirmed.

*J. M. Harris,* for plaintiff.

*Wayne Simmons,* for defendants.

WIEST, C. J. The county of Kalkaska received
from the State its proportionate share of the gaso-
line tax under Act No. 150, Pub. Acts 1927. The
board of supervisors, by resolution, apportioned the
funds to townships with outstanding bonds issued to
build State reward roads. The county treasurer
placed the money in the county road fund and re-

fused to obey the resolution. The circuit judge refused a writ of mandamus directing obedience to the resolution.

Plaintiff contends that the fund belongs to the county, limited only to use for highway purposes, and therefore the resolution of the board of supervisors directing its distribution and use must be obeyed. Defendants contend that the fund when paid to the county treasurer is wholly subject to the control of the county road commissioners.

There is no analogy between this fund and funds raised for highway purposes by tax authorized by the board of supervisors. This fund arises from a legislative tax, and the board of supervisors has no voice in its levy or disposition. If the statute creating the fund, directing apportionment and designation of its use by "county authorities," points to the board of county road commissioners, then the board of supervisors is without power in the premises. Kalkaska county has a board of county road commissioners.

Act No. 1, Pub. Acts 1925 (weight tax), and Act No. 150, Pub. Acts 1927 (gasoline tax), in so far as they touch upon apportionment of funds to counties, are in *pari materia*. *Wayne County* v. *Auditor General*, 250 Mich. 227. The weight tax act provides that the moneys collected be deposited in the State treasury to the credit of the State highway fund, and—

"Six million dollars of the amount collected annually as taxes upon the registered motor vehicles shall belong to the several counties of the State, and shall be returned to the county treasurers thereof in proportion to the amounts received from the owners of registered motor vehicles within the several counties, to be used for highway purposes under the

jurisdiction of the county authorities: *Provided,* That in counties not operating under the county road system the board of supervisors shall apportion such money to the several townships and cities thereof according to the equalized assessed valuation thereof, which shall be used for highway purposes.''

It will be noted that the allotment of the weight tax fund is to be used for highway purposes under the jurisdiction of the county authorities. The county authorities so mentioned exclude the board of supervisors in counties operating under the county road system. This is manifested by the proviso:

''That in counties not operating under the county road system the board of supervisors shall apportion such money to the several townships and cities thereof according to the equalized assessed valuation thereof, which shall be used for highway purposes.''

The mentioned gasoline tax act provides:

''All sums of money received and collected by the secretary of State under the provisions of this act, except the license fees provided herein, shall be deposited in the State treasury to the credit of the State highway fund.   *   *   *

''A sum equal to the difference between six million dollars and fifty per cent. of the total weight tax collected under the provisions of act number three hundred two of the public acts of nineteen hundred fifteen, as amended (Act No. 1, Pub. Acts 1925), shall belong to the several counties of the State; seven-eighths of a sum equal to one-half of the total weight tax shall be paid to the several county treasurers in proportion to the amount of said weight tax received from the owners of registered vehicles within the several counties under the

provisions of said act number three hundred two of the public acts of nineteen hundred fifteen, as amended (Act No. 1, Pub. Acts 1925); the remaining one-eighth of said sum shall be paid to the several county treasurers thereof as follows: One-eighty-third to the county treasurer of each county."

As stated by the circuit judge:

"It is only in counties where the county road system has not been adopted that the board of supervisors has anything to do with highway funds turned over to the counties."

Affirmed, with costs to defendants.

Butzel, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.